FILED
COURT OF APPEALS DIV.1
STATE OF WASHINGTON

2018 FEB 26 AM 8: 39

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DALJIT S. DHALIWAL, | ) | No. 75567-6-I |
| Appellant, | ) ) ) | |
| v. | ) ) | DIVISION ONE |
| STATE OF WASHINGTON DEPARTMENT OF SOCIAL & HEALTH SERVICES, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | FILED: February 26, 2018 |

APPELWICK, J. — Dhaliwal failed to timely request review of an adverse agency finding. Years later, he produced evidence that he claims proves that the finding was erroneous. An ALJ, the DSHS Board of Appeals, and the superior court, all dismissed for failure to timely request review. We affirm.

## FACTS

Child Protective Services received a report that Dhaliwal had hit his daughter on November 29, 2011. The daughter was taken into protective custody. On December 20, 2011, Dhaliwal received notice of a founded finding from the Department of Social and Health Services (DSHS) that he had engaged in abuse or neglect of a minor in his care arising out of the incident. It was written in his native language, and stated that he had 30 days to request review of the findings.

Child Protective Services received a report of a second incident that occurred on December 12, 2011. On January 5, 2012, Dhaliwal received notice

of another founded finding from DSHS that he had engaged in of abuse or neglect of a minor in his care arising out of this second incident. It was written in his native language, and stated that he had 30 days to request review of the findings.

Dhaliwal did not request review until August 16, 2013, 18 months after the second finding. At that time, he asked DSHS to review the findings. DSHS responded that his request for review was untimely.

On May 7, 2014, Dhaliwal submitted to the Office of Administrative Hearings (OAH) a request for an administrative hearing regarding the founded findings. In his prehearing brief to the OAH, Dhaliwal included his daughter's handwritten note, dated April 21, 2015, in which she rescinded her allegations that led to the founded findings.

On June 30, 2015, the OAH Administrative Law Judge (ALJ) dismissed the request, because Dhaliwal did not timely request review of the initial two founded findings. The DSHS Board of Appeals affirmed the OAH ALJ for the same reason: Dhaliwal did not seek review within thirty days of the original founded findings. Dhaliwal petitioned for review in superior court. The Superior Court affirmed. Dhaliwal appeals.

## DISCUSSION

Dhaliwal argues that his daughter's recantation of her accusations amounts to newly discovered evidence that should allow him to seek review, even though he did not initially seek timely review.

Adjudicative proceedings regarding DSHS findings of child abuse or neglect are governed by RCW 26.44.125(5), and the Administrative Procedure Act (APA),

ch. 34.05 RCW. When reviewing an agency decision, this court applies the standards of the APA directly to the agency's record, without regard to the superior court decision. State v. Snyder, 194 Wn. App. 292, 296-97, 376 P.3d 466 (2016), review denied, 187 Wn.2d 1017, 389 P.3d 604 (2017). This court reviews the Board of Appeals' legal determinations de novo.[1] Id. at 297.

Two statutes are relevant. First, former RCW 26.44.125(2) (1998)[2] stated,

> Within twenty calendar days after receiving written notice from the department under RCW 26.44.100 that a person is named as an alleged perpetrator in a founded report of child abuse or neglect, he or she may request that the department review the finding. The request must be made in writing. If a request for review is not made as provided in this subsection, the alleged perpetrator may not further challenge the finding and shall have no right to agency review or to an adjudicative hearing or judicial review of the finding.

(Emphasis added.) Second, RCW 34.05.562(2), of the APA, allows for a remand to the agency if new evidence becomes available:

> The court may remand a matter to the agency, before final disposition of a petition for review, with directions that the agency conduct fact-finding and other proceedings the court considers

---

[1] Under the APA, Dhaliwal must demonstrate the invalidity of the agency's actions on one of nine grounds. See Snyder, 194 Wn. App. at 297. Here, he argues that the agency's action was arbitrary and capricious, which is one of those nine grounds. RCW 34.05.570) . An arbitrary or capricious action is a willful and unreasonable action made without consideration and without regard for the facts and circumstances. State Dep't of Soc. & Health Servs. v. Nix, 162 Wn. App. 902, 913-14, 256 P.3d 1259 (2011). But, this is an argument on the merits of the action. As discussed below, we do not reach the merits due to Dhaliwal's failure to timely request review.

[2] In 2012, the legislature amended RCW 26.44.125(2) to allow for an appeal within 30 days, rather than 20 days. LAWS OF 2012, ch. 259 § 11. This revision was effective June 1, 2012. However, it appears that the notices sent to Dhaliwal stated that he had 30 days to request review, even though the statute at the time only gave him 20 days. This distinction is immaterial, because Dhaliwal did not request review within 20 or 30 days.

necessary and that the agency take such further action on the basis thereof as the court directs, if:

. . . .

(b) The court finds that (i) new evidence has become available that relates to the validity of the agency action at the time it was taken, that one or more of the parties did not know and was under no duty to discover or could not have reasonably been discovered until after the agency action, and (ii) the interests of justice would be served by remand to the agency.

Dhaliwal does not argue that he filed for review within the 20 day period. Instead, he relies on RCW 34.05.562(2)(b) in arguing that his case should have been remanded to the agency due to his daughter's recantation.

We disagree. We first note that the language in former RCW 26.44.125(2) is particularly strong. A party "shall have no right to agency review or to an adjudicative hearing or judicial review of the finding" if the party does not file a timely request for review. Id. (emphasis added). This language is unequivocal. Failure to request review results in the party having no right to review. The order was final.

Second, the APA contains a separate notice of appeal time requirement that is similarly restrictive. That statute states that "[f]ailure of a party to file an application for an adjudicative proceeding within the time limit or limits established by statute or agency rule constitutes a default and results in the loss of that party's right to an adjudicative proceeding." RCW 34.05.440(1). As evidenced by both chapter 26.44 RCW, and the APA, the legislature intended to apply strict requirements for appeals of agency decisions. A party loses his or her right to review if he or she does not timely request review.

4

The language in RCW 34.05.562(2) that states that the court "may" remand upon the discovery of new evidence never came into play here. It applies only when a timely petition for review has been filed and the resulting order is subsequently appealed to the superior court. Due to Dhaliwal's initial failure to request review, the orders became final. The statute does not allow the court to reopen final orders in unappealed proceedings.

We affirm.

WE CONCUR: